Jackson v. Sloan.

GEORGE R. JACKSON, LAWRENCE TAYLOR and JAMES J. BAR-
NETT *v.* THOMAS J. SLOAN and SAMUEL LEGGETT; and NE-
ZIAH WRIGHT and ELIJAH F. PURDY, assignees of SLOAN
and LEGGETT.

Where, without fraud, the owner of a house and lot, in the city of New York,
conveys them to trustees for the benefit of creditors; laborers, material men
and contractors cannot, by afterwards filing notices under the sixth section
of the act of 1851, " for the better security of mechanics and others," acquire
any lien upon the premises, *which can be enforced by the proceedings provided
in that statute,* although such proceedings are instituted and conducted in the
Court of Common Pleas for the city and county of New York—*a court having
general equity jurisdiction.* (a)

So held, on a demurrer to a complaint, filed in this court, in a proceeding to
close an alleged lien.

Where a claimant, having filed a notice of lien after the contracting owner had
assigned the premises in trust for the benefit of creditors, averred, in a
complaint, filed to foreclose the alleged lien, " that the assignment was made
subject to the plaintiffs' rights, under the act;" *held,* that there was no dis-
tinct or sufficient averment that a lien was specifically reserved to the claim-
ant by the instrument itself, and that, therefore, by setting up the execution
of the assignment before the notice was filed, the plaintiff had shown himself
devoid of any lien which could be foreclosed by a proceeding under the
statute.

SPECIAL TERM, JULY, 1855.
Before WOODRUFF, J.

THIS cause came before the court on demurrers to a com-
plaint, which alleged, in substance, as follows: That the
defendants, Thomas J. Sloan and Samuel Leggett, were, at
the time thereinafter mentioned, owners of the fee of ten lots,
and four buildings erected thereon, in the eighteenth ward,
New York; that the plaintiffs, pursuant to a contract with
them, furnished, towards the erection and completion of the
buildings, two pairs of iron doors, weighing 760 pounds, of
the price and value of $1,638 38.

That afterwards, Sloan and Leggett, by deed of assign-

---

(a) See *Quimby* v. *Sloan, ante,* p. 594.

ment, dated January 9, 1855, made for the benefit of their creditors, and recorded in the office of the register on the 11th of the same month, " assigned, transferred and set over unto the defendants, Wright and Purdy, all their real and personal estate, among which were the said buildings, and the lots of land upon which the same stand, *and the plaintiffs aver that said assignment was made subject to the plaintiffs' rights under the act for the better security of mechanics and others, passed July* 11, 1851."

That the plaintiffs, on the 5th of March, 1855, " and within six months after furnishing the materials," filed, under the sixth section of the act, a notice to effect a lien upon the premises for their said claim ; of which filing the defendants all had notice.

That on the 7th of March, 1855, for the purpose of bringing their lien to a close, they served on each of the defendants a notice, reciting the proceeding to effect such lien, and requiring all the defendants to appear in the Court of Common Pleas, before a judge thereof, at a special term, on the 31st of March then instant, at 11 A. M., and submit to an accounting and settlement of the plaintiffs' claim, a bill of the particulars whereof accompanied the notice last mentioned.

That on the return day, pursuant to the statute and the notice, the plaintiffs, and also the defendants, Sloan and Leggett, and the defendants, Wright and Purdy, appeared by their respective attorneys, whereupon an order was made by the court, directing issues to be joined by a complaint, to which the defendants might answer, " and that the cause proceed as other causes in the said court."

That in pursuance of such order and of the statute, the plaintiffs now file their complaint, and pray that the claim may be decreed to be a lien on the premises to the extent of the interest of the defendants, and that they may recover judgment on such lien against the defendants for said sum of $1,638 38, with interest thereon from the 13th of November, 1854 ; that they may have judgment ; that the interest

of the defendants in the premises be sold for said lien ; *and that the plaintiffs may have such further or other relief in the premises as may be consonant with the spirit and tenor of the act*," &c., together with their costs of suit. The complaint was verified.

All the defendants demurred, assigning for cause that the complaint did not state facts sufficient to constitute a cause of action. The demurrer of the defendants, Wright and Purdy, was separate from that of the other defendants, and specified the additional ground that the two former were improperly joined as parties to the proceeding.

This case differed from that of *Quimby* v. *Sloan*, *ante*, p. 594, in these respects: 1. The former was originally prosecuted here ; the latter in the Marine Court. 2. In the former, unlike the latter, a formal complaint was filed, as appears from the above synopsis, appealing somewhat largely to the equitable powers of the court ; and 3. The assignment was recorded, in this case before, and in the other subsequently to, the alleged creation of the lien. 4. Here the claim was for iron doors used in the buildings, while there the plaintiffs sought to recover for lightning rods which they had attached thereto. In all other respects the facts in the two cases appear to have been identical.

The demurrers were heard at a special term.

*John E. Parsons*, for the defendants, Sloan and Leggett, the original owners.

*Lorenzo B. Shepard*, for the defendants, Wright and Purdy, the assignees, made and argued the following points :

I. The lien can only be created when a contract has been made with the owner or his agent. (Act of 1851, c. 513, § 1.) It must be created by notice, and only affects the right, title and interest of such owner existing at the time of filing notice. (Act of 1851, c. 513, § 1.) It is not an obligation which runs with the land. (*Gay* v. *Brown*, 1 E. D. Smith,

727; *Doughty* v. *Devlin,* Id. 633, 634; *Cronkright* v. *Thomson,* Id. 663; *Sullivan* v. *Decker,* Id. 699; *Pendelburg* v. *Mead,* Id. 728; *Dixon* v. *La Farge,* Id. 722.)

II. No contract was made with Wright and Purdy by the plaintiffs, nor is there any claim under any contract made with them. Their title was acquired before the lien was created by the plaintiffs, and they are now the "owners" in the plain, ordinary and obvious signification of that term. (Bouvier Law Dic. tit. Owner; Webster Dic., same tit.; Richardson Dic., same tit.) And the word "owners" in the statute is to be taken in that signification. (1 Kent Com. 462; *Marshall, Ch. J.,* 1 Wheaton, 326; *Lord Tenterden,* 2 Barn. & Ald. 522; *Ch. J. Bronson,* 20 Wend. 561; *Mallon* v. *May,* 13 Mees. & Welsb. 511.) The assignment to Wright and Purdy divested Sloan and Leggett of all their right, title and interest in the premises. (Burrill on Assignments, p. 325; *Nicoll* v. *Mumford,* 4 Johns. Ch. 522; *Holmes* v. *Remsen,* Id. 486.)

III. The notice must be shown to be within the statute by a statement that it contained those facts which bring it within the statute, not by a general allegation or conclusion that it is within the statute. Such an allegation does not warrant the inference that the notice specified the amount of the claim, the person against whom it was made, the name of the owner of the building, and the situation of the building. (Act of 1851, c. 513, § 6; 1 Chitty on Pleading, 372; *Thurman* v. *Stevens,* 2 Duer, 609; Code, § 142, and notes, 2d ed. p. 150.)

*Edmund J. Porter* and *Linson D. Fredericks,* for the claimants.

By the Court. WOODRUFF, J.—The views expressed in the case of *Quimby* v. *The Same Parties,* on appeal from the Marine Court, decided at the July General Term, may be taken as my opinion upon the demurrer in this case. There were some considerations in that case peculiar to a

proceeding in the Marine Court, but the opinion there given, regarding this proceeding as a statute proceeding, is conclusive of this case, though brought in another tribunal of more extensive jurisdiction.

Precisely what the plaintiffs mean by their averment, that the conveyance referred to in the complaint was "subject to the plaintiffs' rights under the act," &c., I do not understand. If it was meant that a lien was specifically reserved to these plaintiffs by the instrument itself, then it is not stated intelligibly enough to enable me to see that the averment is descriptive of the instrument, or that the instrument operated to give the plaintiffs a lien, if they have no lien independently of the instrument. If it was meant that the legal operation of the conveyance was to leave the property still liable to be affected by a lien to be thereafter created, or in other words, if it was meant to say, as matter of law, that notwithstanding the conveyance, the filing of the subsequent notice operated to give a lien, then the decision to the contrary, above referred to, must dispose of this demurrer, and judgment thereon must be ordered for the defendants, with costs, as I do not see that any amendment can avail to enable the plaintiff to sustain his action.

Judgment ordered in favor of the defendants upon the demurrers, with costs.